UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RICHARD COPE,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,<br><br>                    Defendant. | CASE NO. 2:15-cv-1744-JRC<br><br>ORDER ON MOTION TO REMAND |

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter is before the Court on defendant's motion to remand and has been fully briefed (*see* Dkt. 9, 10, 12).

After considering and reviewing the record, the Court concludes that defendant has failed to demonstrate good cause why this matter should be remanded to defendant

Case 2:15-cv-01744-JRC   Document 13   Filed 02/16/16   Page 2 of 10

for further action. Defendant does not contend that the recording of plaintiff's oral hearing was lost or inaudible or could not otherwise be transcribed, and does not contend that plaintiff's files cannot be located or are incomplete. Similarly, defendant does not contend that the record is incomplete or inadequate to provide for this Court's review. Although defendant contends the materials belonging to other claimants mistakenly were included in plaintiff's files, such has not been demonstrated. Instead, it appears that the materials intentionally were included and that they support plaintiff's claims in his complaint before this Court.

Therefore, defendant's motion to remand is denied.

## BACKGROUND and PROCEDURAL HISTORY

Plaintiff's applications for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* Complaint, Dkt. 1, p. 2). Plaintiff's requested hearing was held before Administrative Law Judge Larry Kennedy ("the ALJ") on September 12, 2013 (*see id.*). On September 27, 2013 the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see id.*).

According to plaintiff's complaint, plaintiff timely requested review of this matter to the Appeals Council, which denied plaintiff's request for review on September 9, 2015 (*see id.*). Previously, on November 22, 2013, plaintiff had submitted additional evidence to the Appeals Council which related to the period on or before the date of the ALJ

ORDER ON MOTION TO REMAND - 2

hearing decision (*see id.*). This additional evidence includes 54 decisions signed by the ALJ during the period from late September 2012 through early summer of 2013 (*see id.*). These decisions have been redacted of claimants' names, claimants' friends' or relatives' names, and claimants' birthdates and social security numbers (*see id.* at 2-3). Plaintiff has requested that such documents be treated as confidential so that they will be sealed and not available for public view (*see id.* at 3). The Court notes that administrative records in Social Security cases generally are sealed when filed.

Plaintiff alleges that the 54 decisions and other evidence submitted to the Appeals Council provide evidence that the ALJ has a pattern or practice of improperly denying disability and "also provide proof, together with the other evidence alleged [], of ALJ Kennedy's inability to render fair judgment in considering the SSD and SSI claims of [plaintiff]" (*id.*). Plaintiff alleges that the record demonstrates "a pattern of decisions or conclusions by ALJ Kennedy that are inconsistent with controlling case law and/or Social Security regulations as well as due process" (*id.* at 5). Plaintiff also alleges that the finding by defendant that plaintiff is not entitled to benefits "is not based upon substantial evidence and it should be reversed, and defendant's failure to revise the findings is also inconsistent with due process under the Fifth Amendment of the United States Constitution" (*id.*).

Defendant has filed a motion to remand this matter to defendant for further action, contending that good cause exists for such remand because "materials belonging to other claimants were mistakenly included in Plaintiff's files" (*see* Dkt. 9, p. 2).

1                                                   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security . . . ." 42 U.S.C. § 405(g).

                                                          DISCUSSION

The only argument defendant makes in her motion for remand is that "materials belonging to other claimants were mistakenly included in plaintiff's files" (Dkt. 9, p. 2). However, plaintiff argues that the materials support plaintiff's Constitutional due process allegations in his complaint and that without the materials "this Court will be unable properly to review plaintiff's appeal including, but not limited to, his claim that the [ALJ] was biased against plaintiff and persons like plaintiff" (Dkt. 10, pp. 1-2). Plaintiff also contends that he is appealing, among other things, the decision by the ALJ not to include or consider five other documents, including documents put out by the American Medical Association and the Surgeon General of the United States, when rendering his decision, and without this evidence, the "Court will be unable to resolve plaintiff's claim" (Dkt. 10, p. 5).

Plaintiff also cites a Ninth Circuit case in which the court held that "when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court *must* consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of*

*SSA*, 682 F.3d 1157, 1159-60 (9th Cir. 2012) (emphasis added). Although it is not clear at this time whether or not the Appeals Council considered the evidence at issue when it denied review of the ALJ's decision, the Court notes the argument by plaintiff that the Appeals Council "presumably believed this evidence met the requirements of §§ 404.970(b) and 404.976 because it did not return the evidence to the claimant; rather, it made the evidence part of the record" (Dkt. 10, p. 6). Although defendant notes in a footnote a proposed change to the rules which would remove the language indicating that the Appeals Council will return additional evidence to the claimant that is not material, this change has not been effectuated (*see* Dkt. 12, p. 8 n.6). Instead, here, as in *Brewes*, "the Appeals Council accepted [plaintiff's] new evidence and made it part of the record, apparently concluding that it was material within the meaning of 20 C.F.R. § 404.970(b)," *Brewes, supra*, 682 F.3d at 1164, although defendant contends that it did so in error.

In support of defendant's argument, defendant includes the following discussion:

> The Joint Conference Committee of Congress, in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act), noted that "there are sometimes procedural difficulties which prevent the Secretary from providing the court with the transcript of administrative proceedings." (Internal citation to H. R. CONF. REP. 96-944, 89, 1980 U.S.C.C.A.N. 1392, 1407). The Committee provided several examples of what might be considered good cause:
>
>> Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205 (g) of the Act.

(Internal citation to *id.*).

(Dkt. 9, p. 2).

Defendant's argument and citations do not support defendant's argument for good cause here. Here, defendant does not contend that she is unable to provide the Court with the transcript of the administrative proceeding; does not contend that the oral hearing is lost or inaudible, or cannot otherwise be transcribed; does not contend that plaintiff's files cannot be located or are incomplete and does not contend that she cannot produce a record which adequately provides for the Court's review. The fact that there may be extra information in the record does not preclude this Court from conducting a proper review.

The Court also finds persuasive the following argument from plaintiff:

> Defendant's motion cites the Joint Conference Committee Report as referencing "procedural difficulties" and giving some examples of what might be considered good cause, *e.g.*, where files cannot be located or are incomplete. What is missing, however, from defendant's motion are <u>any facts or argument</u> explaining or even identifying the "procedural" difficulties that prevented defendant from providing a full transcript of the administrative proceedings, or what were the "materials belonging to other claimants," supposedly included in the record, or what was the supposed "mistake" including those materials. Without such facts and explanation, defendant does not come close to showing good cause. Nor should defendant be allowed to wait until her reply to come up with facts supposedly establishing good cause. That would be unfair to plaintiff who would be unable to respond to defendant's reply.

(Dkt. 10, p. 4).

Plaintiff argues that if defendant's motion is successful, it "would effectively prohibit federal court review of blatantly unconstitutional denials of Social Security benefits based on an ALJ's general bias against disfavored groups" (Dkt. 10, p. 6). Defendant's position appears to be that evidence regarding what an ALJ has done when

adjudicating other Social Security applications is not relevant to a determination by this Court of whether or not the ALJ is biased against the disfavored group (*see* Reply, Dkt. 12, pp. 4-5 (it is "inappropriate" for a claimant to submit "records of other claimants' disability claims")).

Defendant makes a number of arguments for the first time in her reply brief (Dkt 12). However, these issues will be discussed only briefly, as fairness requires that all issues be raised in the initial motion or brief. *See U.S. v. Levy,* 391 F.3d 1327, 1335 (11th Cir. 2004) ("raise the issue in your initial brief or risk procedural bar"); *Cf. Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir. 1980), *cert. denied*, 452 U.S. 961 (1981) ("appellants cannot raise a new issue for the first time in their reply briefs") (*citing U.S. v. Puchi*, 441 F.2d 697, 703 (9th Cir. 1971), *cert. denied*, 404 U.S. 853 (1971)). The Court notes that plaintiff has been denied any opportunity to respond to these arguments raised for the first time in defendant's reply brief.

For example, defendant argues that when "deciding whether an individual is disabled, the Commissioner considers the evidence in each individual's case record; and the case record should only contain material about that claimant" (Dkt. 12, p. 5 (citations omitted)). However, defendant's argument misses the point. It is not the job of this Court to decide whether or not plaintiff is disabled: that is the job of the Commissioner. It is the job of the Court to adjudicate issues raised in plaintiff's complaint, including whether or not the ALJ's finding that plaintiff is not disabled is based on substantial evidence and without harmful legal error. One of the issues alleged in plaintiff's complaint here is that

plaintiff has been denied Constitutional due process because his Social Security applications were denied by an ALJ who is biased.

Defendant also argues that "the Appeals Council does not have authority to review evidence of general bias claims, such as plaintiff alleges here (Dkt. 12, p. 6 (citations omitted)). Even if it arguably is beyond the authority of the Appeals Council to make a determination of general bias, it is not beyond the authority of this Court. As noted by plaintiff, "it is well established that a 'trial before an unbiased judge is essential to due process,' and that the same due process requirement applies to 'administrative as well as judicial adjudicators,' including Social Security ALJs" (Dkt. 10, pp. 7-8 (*citing and quoting Johnson v. Mississippi*, 403 U.S. 212, 216 (1971); *Gibson v. Berryhill*, 411 U.S. 564, 579 (1973); *Richardson v. Pearles*, 402 U.S. 389, 401-02 (1971); *see also* 20 C.F.R. § 404.940 ("an administrative law judge shall not conduct a hearing if he or she is prejudiced or partial with respect to any party or has any interest in the matter pending for decision"))). Any suggestion to the contrary does not entail good cause to remand this matter to defendant in order to remove material from this Court's review.

Defendant also argues that she should be allowed to "develop the necessary factual background upon which the decisions should be based" (Dkt. 12, p. 9 (citation omitted)). Defendant argues that she should "be given a chance to discover and correct [her] own errors" (*id.*). However, defendant's own motion makes it clear that defendant does not wish to develop the factual background or correct any errors of fact, but simply wants to remove some information from this Court's review (*see* Motion, Dkt. 9, p. 2). Such is not good cause. Defendant's quote to the Joint Conference Committee of Congress

demonstrates that good cause exists where the record is unavailable or incomplete, or where the Administration is unable to produce a record which would allow for the Court's review:

> Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record which the courts may review under 205 (g) of the Act.

(Dkt. 9 (*quoting* H. R. CONF. REP. 96-944, 89, 1980 U.S.C.C.A.N. 1392, 1407)). This quote does not support the contention by defendant that good cause exists when the record is complete and is sufficient to allow for review by the Court, but defendant wants to remove from it some information that plaintiff submitted to the Administration and contends is relevant for this Court's review.

Finally, defendant argues that this Court does not have "jurisdiction to review decisions of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action" (Dkt. 12, p. 8 (citations omitted)). However, again, defendant misses the point. Plaintiff has alleged that the ALJ's written decision, which this Court does have jurisdiction to review, was issued in violation of plaintiff's Constitutional due process rights. As stated by the Supreme Court, "[c]onstitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions." *Califano v. Sanders*, 430 U.S. 99, 109 (1977)). The Court noted the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed." *Id.* (citations omitted).

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that defendant's motion for remand is DENIED.

Dated this 16th day of February, 2016.

J. Richard Creatura
United States Magistrate Judge