UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RICHARD COPE,

        Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, [1]

        Defendant.

CASE NO. 2:15-cv-01744 JRC

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 3; Consent to Proceed Before a United States Magistrate Judge, Dkt. 4). This matter comes before the Court on plaintiff's contested

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken pursuant to the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

motion for attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (hereinafter "EAJA"). *See* Dkts. 42, 43, 44, 45.

Subsequent to plaintiff's success at obtaining a reversal of the decision of the Social Security Administration, defendant Commissioner challenged plaintiff's request for statutory attorneys' fees on the grounds that the number of hours requested was excessive and that "plaintiff failed to prevail on the central issue, namely ALJ bias." Dkt. 44, pp. 2-3.

Plaintiff presented a novel argument in support of his request for reversal and remand of the ALJ's decision denying him Social Security disability benefits. The Court "paid particular attention to [plaintiff's] argument," which it construed as that the "ALJ is regularly denying benefits to those persons wh[o] claimed mental disabilities [and] who have been found disabled by the Washington State Department of Social and Health Services." Dkt. 40, pp. 18, 20. Regarding this contention, this Court concluded that "plaintiff has not demonstrated that his sample is random, unbiased and statistically significant." *Id.* at 21 (citations omitted).This conclusion suggests that more work needed to be completed on this argument of bias in order to pursue it adequately, in contrast to defendant's argument that plaintiff's attorney's hours incurred were excessive. However, the fact that plaintiff's attorney declares that the number of attorney hours incurred on this case is approximately 150 hours, when fee petitions in (otherwise) comparable social security cases often represent fees for 20-40 hours of attorney time, calls into question the economic viability of pursuit of this argument on bias. Simply because the fees are statutorily reimbursed for successful appeals of social security disability appeals does not

mean that any argument that is presented, no matter how many hours, should be developed on the tab of taxpayers. Especially where there are other viable arguments which could lead to reversal and remand. Only fees reasonably incurred should be awarded. Fees representing time spent pursuing novel arguments requiring more than five times the average time spent on similar cases are not reasonable. The Court agrees that the fee request is excessive.

Plaintiff already reduced his fee request by approximately a third. Therefore, although the Court concludes that the resultant fee request should be reduced, it should be reduced only by thirty percent, as opposed to the approximately seventy percent reduction requested by defendant. Plaintiff should be reimbursed for seventy hours of attorney time.

Therefore, plaintiff's motion for fees and expenses is granted in part pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $13,487.60 in fees, reflecting seventy attorney hours, at $192.68 per hour. This still appears to be the largest fee awarded by this Court for a social security appeal, by about twenty hours.

Defendant does not object to plaintiff's request for reimbursement for costs. Therefore, it is further ORDERED that costs in the amount of $400.00 are to be awarded to plaintiff pursuant to 28 U.S.C. § 1920.

## BACKGROUND and PROCEDURAL HISTORY

On November 2, 2016, Court issued an Order reversing and remanding this matter for further consideration by the Administration. *See* Dkt. 40.

The Court concluded that the ALJ erred in evaluating the medical evidence. Had the ALJ properly considered the medical evidence, the residual functional capacity ("RFC") may have included additional limitations (*see id.*, p. 2). The Court also concluded that plaintiff failed to meet his burden of establishing that the ALJ demonstrated a generalized pattern of bias against claimants like plaintiff (*see id.*). This matter was reversed pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration due to the harmful error in the evaluation of the medical evidence (*see id.*).

Subsequently, plaintiff filed a motion for EAJA attorney's fees, to which defendant objected (*see* Dkt. 44). Defendant does not contest that plaintiff is entitled to EAJA fees but does "object to the reasonableness of the attorney time requested because it is excessive" (*id.*, p. 2). Plaintiff filed a reply (*see* Dkt. 45).

## STANDARD OF REVIEW

In any action brought by or against the United States, the EAJA requires that "a court shall award to a prevailing party other than the United States fees and other expenses . . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

According to the United States Supreme Court, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The government has the burden of proving that its positions overall were substantially justified. *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010), *cert. denied*, 179 L.Ed.2d 1215, 2011

U.S. LEXIS 3726 (U.S. 2011) (*citing Flores v. Shalala*, 49 F.3d 562, 569-70 (9th Cir. 1995)). Further, if the government disputes the reasonableness of the fee, then it also "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted). The Court has an independent duty to review the submitted itemized log of hours to determine the reasonableness of hours requested in each case. *See Hensley, supra*, 461 U.S. at 433, 436-37.

## DISCUSSION

In this matter, plaintiff clearly was the prevailing party because he received a remand of the matter to the administration for further consideration (*see* Order on Complaint, Dkt. 40). In order to award a prevailing plaintiff attorney fees, the EAJA also requires a finding that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). Defendant conceded that the government's position was not substantially justified, and argues that plaintiff's recovery for attorneys' fees should be reduced, not eliminated. *See* Defendant's Response to Plaintiff's EAJA Motion for Fees, Dkt. 44, p. 2.

The Court agrees with defendant's concession (*see id.*). This conclusion is based on a review of the relevant record, including the government's administrative and litigation positions regarding the evaluation of the medical evidence. For these reasons, and based on a review of the relevant record, the Court concludes that the government's

position in this matter as a whole was not substantially justified. *See Guitierrez v. Barnhart,* 274 F.3d 1255, 1258-59 (9th Cir. 2001) (citations omitted).

    The undersigned also concludes that no special circumstances make an award of attorney fees unjust. See 28 U.S.C. § 2412(d)(1)(A).

    Therefore, all that remains is to determine the amount of a reasonable fee. *See* 28 U.S.C. § 2412(b); *Hensley, supra*, 461 U.S. at 433, 436-37; *see also Roberts v. Astrue,* 2011 U.S. Dist. LEXIS 80907 (W.D. Wash. 2011), *adopted by* 2011 U.S. Dist. LEXIS 80913 (W.D. Wash. 2011).

    Once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case." *Hensley, supra,* 461 U.S. at 429, 433 n.7. According to the U.S. Supreme Court, "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley, supra,* 461 U.S. at 433. Here, defendant challenges the number of hours expended on this matter. *See* Dkt. 44.

    Here, plaintiff prevailed on the single claim of whether or not the denial of his social security application was based on substantial evidence in the record as a whole and not based on harmful legal error. When the case involves a "common core of facts or will be based on related legal theories . . . . the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *See Hensley, supra,* 461 U.S. at 435. The

Supreme Court concluded that where a plaintiff "has obtained excellent results, his attorney should recover a fully compensatory fee." *Id.*

The Court concludes that plaintiff's results here were excellent. Although plaintiff did not receive a remand with a direction to award benefits, the circumstances allowing for such a result do not exist often in social security appeals before this Court. Plaintiff obtained a new hearing and a new decision following remand of this matter. Although defendant suggests that plaintiff's "limited success" is demonstrated by the fact that plaintiff did not achieve success on the merits based on the argument "that consumed so much of his attorney's time," the Court does not agree. Dkt. 44, p. 4. Simply because the Court finds one argument persuasive, and another argument unpersuasive, does not mean that the plaintiff has not obtained excellent results. Here, the Court discussed the ALJ's error when reviewing the medical evidence and concluded that all of the medical evidence should be revaluated, as should plaintiff's testimony. Dkt. 40, pp. 12-15. Defendant's contention that plaintiff achieved limited success is unpersuasive.

Because the Court concludes based on a review of the relevant evidence that the plaintiff here obtained excellent results, the Court will look to "the hours reasonably expended on the litigation," which, when combined with the reasonable hourly rate, encompasses the lodestar. *See Hensley, supra*, 461 U.S. at 435. Other relevant factors identified in *Johnson, supra,* 488 F.2d at 717-19 "usually are subsumed within the initial

calculation of hours reasonably expended at a reasonably hourly rate."[2] *See Hensley, supra,* 461 U.S. at 434 n.9 (other citation omitted); *see also Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 70 (9th Cir. 1975) (adopting *Johnson* factors); *Stevens v. Safeway,* 2008 U.S. Dist. LEXIS 17119 at *40-*41 (C.D. Cal. 2008) ("A court employing th[e] *Hensley* lodestar method of the hours reasonably expended multiplied by a reasonable hourly rate] to determine the amount of an attorneys' fees award does not directly consider the multi-factor test developed in *Johnson,* supra, 488 F.2d at 717-19, and *Kerr, supra,* 526 F.2d at 69-70").

As defendant does not object to plaintiff's requested hourly rate for his attorney's fees request, the gravamen of defendant's contentions here concern the number of hours reasonably expended on the litigation (*see* Dkt. 44). *See also Hensley, supra*, 461 U.S. at 433.

Defendant first contends that addition errors in plaintiff's request "suggest that considerably less than 3 hours were spent preparing the motion, and that hours were estimated rather than actually expended and recorded." Dkt. 44, p. 3. Plaintiff responds in a footnote that "the arithmetic mistake occurred because counsel for plaintiff

---

[2] The *Johnson* factors are: (1) The time and labor involved; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent: (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10); the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson, supra*, 488 F.2d at 717-19) (citations omitted); *see also United States v.Guerette*, 2011 U.S. Dist. LEXIS 21457 at *4-*5 (D. Hi 2011) ("factors one through five have been subsumed" in the determination of a number of hours reasonably expended multiplied by a reasonable rate); *but see City of Burlington v. Dague*, 505 U.S. 557 (1992) (rejecting factor 6 of contingent nature of the fee).

substantially reduced the amount claimed from the more than 150 hours actually spent on this case." Dkt. 45, p. 1 n.1. The Court concludes that the presence of an arithmetic mistake does not mean that the hours were unreasonable or insufficiently documented.

Defendant also argues that plaintiff "failed to prevail on the central issue of his appeal, namely ALJ bias." Dkt. 44, p. 3. Plaintiff disputes that the bias issue was the "central issue," but regardless, the Court has concluded that plaintiff obtained excellent results. The Court will not divide up briefs by their respective arguments, and award fees only for time incurred on successful arguments. As noted by defendant, "the most critical factor is the degree of success obtained." *Id.* at 4 (quoting *Hensley*, 461 U.S. at 436).

However, the Court finds persuasive defendant's argument that plaintiff's attorney filed over 1,000 pages of material, including 54 ALJ decisions, and the fact that this attorney "filed nearly identical materials in another nine cases in this district claiming identical bias allegations against two other ALJs in the Seattle Hearing Office . . . . should have produced certain efficiencies, which are not reflected in the number of hours claimed." Dkt. 44, pp. 3-4. The Court also notes defendant's argument that the taxpayer should not be penalized for counsel's increasing the size of the administrative record by more than 1,600 pages, his claim of needing time to review all of these pages, and his novel arguments regarding ALJ bias that achieved nothing." *Id.* at p. 6 (citing *Hensley*, 461 U.S. at 434 (noting in parenthetical that "hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority) (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542 , 552 (2010) ("[A] 'reasonable'

fee is a fee that is sufficient to induce a capable attorney to undertake the representation of a meritorious . . . . case")).

Plaintiff presented a novel argument in support of his request for reversal and remand of the ALJ's decision denying him Social Security disability benefits. The Court construed plaintiff's argument as that the "ALJ is regularly denying benefits to those persons wh[o] claimed mental disabilities [and] who have been found disabled by the Washington State Department of Social and Health Services." Dkt. 40, p. 20. Among other conclusions, this Court concluded that "plaintiff has not demonstrated that his sample is random, unbiased and statistically significant." *Id.* at 21 (citations omitted).This conclusion suggests that more work needed to be completed on this argument in order to pursue it adequately, in contrast to defendant's argument that plaintiff's attorney's hours incurred were excessive. However, the fact that plaintiff's attorney declares that the number of attorney hours incurred on this case is approximately 150 hours (while requesting reimbursement for only 100 hours), when fee petitions in otherwisecomparable social security cases often represent fees for 20-40 total hours of attorney time, calls into question the economic viability of pursuit of this argument on bias. Would a client paying his own fees pay an attorney for these many hours to pursue this argument? *See Hensley*, 461 U.S. at 434 ("hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority) (quoting *Copeland v. Marshall*, 205 U.S. App. D.C. 390, 401 (1980) (en banc)). Simply because the fees are statutorily reimbursed for successful appeals of social security disability appeals does not mean that any argument that is presented, no matter how many

hours necessarily must be incurred to pursue adequately said argument, should be developed on the tab of taxpayers.

Generally, when a claimant successfully appeals a social security disability determination and receives a remand of the matter, the claimant has achieved excellent results, leading to full reimbursement of all attorney fees incurred. It typically does not matter that an attorney may have put forth various arguments to support the request for remand, and may only have achieved success on one of the arguments. However, only fees reasonably incurred should be awarded. Fees representing time spent pursuing novel, and unsuccessful, arguments requiring about five times the average time spent on similar cases are not reasonable. The Court agrees that the fee request is excessive.

There is no "*de facto* policy limiting Social Security claimants to 20 to 40 hours of attorney time in 'routine' cases." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012). However, "district courts may consider [the] fact [that 20 to 40 hours is the range most often requested and granted in Social Security cases] in determining the reasonableness of a specific fee request . . . ." *Id.* (*citing Patterson v. Apfel*, 99 Fed. Supp. 2d 1212, 1214 n.2 (C.D. Cal. 2000) (collecting cases)).

Based on the specific facts of this case, the itemized hourly fee petition, and the particular briefs herein, the Court concludes that some of the hours incurred appear to be excessive.

Before concluding that the fees should be reduced, the Court reviewed other Social Security disability cases previously before this Court. *See Johnson*, 488 F.2d at 717-19 (noting that awards in similar cases is one of the relevant factors when

determining the amount of a reasonable attorney's fee).While over 45 hours were incurred by plaintiff's attorney in the preparation of the Opening Brief in the case herein, it is not uncommon for the Court to receive a fee petition totaling 18-40 hours for an entire social security case, with sometimes as few as 7-12 hours incurred drafting the Opening Brief (*see, e.g.*, Case No. 15cv360, Dkt. 20-2, p. 3 (7.6 hours for file review and drafting of the Opening Brief, 15.6 hours for the entire case); Case No. 14cv5825, Dkt. 17-3, p. 1 (12.5 hours for file review and drafting of the Opening Brief, 22.7 hours for the entire case); Case No. 15cv929, Dkt. 19-2, pp. 1-2 (11.6 hours for file review and drafting of the Opening Brief, 18.3 hours for the entire case); Case No. 15cv5006, Dkt. 19-1, p. 1 (11.9 hours for file review and drafting of the Opening Brief, 20.1 hours for the entire case); Case No. 14cv5943, Dkt. 24-1, p. 1 (10.2 hours for file review and drafting of the Opening Brief, 21.9 hours for the entire case); Case No. 14cv5772, Dkt. 20-3, pp. 1-2 (13 hours for file review and drafting of the Opening Brief, 25.1 hours for the entire case); Case No. 14cv6011, Dkt. 32-1, p. 1 (18.8 hours for file review and drafting of the Opening Brief, 27.6 hours for the entire case); Case No. 15cv187, Dkt. 17-3, p. 1 (23.1 hours for file review and drafting of the Opening Brief, 33.8 hours for the entire case); Case No. 14cv5793, Dkt. 23-1, p. 1 (18.75 hours for file review and drafting of the Opening Brief, 32.25 hours for the entire case); Case No. 15cv5198, Dkt. 26-2, p. 1 (13.8 hours for file review and drafting of the Opening Brief, 38.57 for the entire case, including a Fed. R. Civ. P. 59(e) response); Case No. 15cv861, Dkt. 19-2, p. 1 (21.1 hours for file review and drafting of the Opening Brief, 38.5 hours for the entire case); Case No. 15cv5211, Dkt. 25-3, p. 1 (23.3 hours for file review and drafting of the

Opening Brief, 38.9 hours for the entire case); Case No. 15cv5352, Dkt. 17-2, p. 1 (17.6 hours for file review and drafting of the Opening Brief, 29.27 hours for the entire case); Case No. 14cv6007, Dkt. 21-3, pp. 1-2 (14.1 hours for file review and drafting of the Opening Brief, 24 hours for the entire case); Case No. 14cv5770, Dkt 22-3, pp. 1-2 (24.5 hours for file review and drafting of the Opening Brief, 31.8 hours for the entire case); Case No. 14cv5754, Dkt. 24-3, pp. 1-2 (16.7 hours for file review and drafting of the Opening Brief, 30.3 hours for the entire case); Case No. 15cv20, Dkt. 25-1, p. 4, 25-4, p. 1, 25-5, p. 1 (15.7 hours for file review and drafting of the Opening Brief, 27.9 hours for the entire case); Case No. 14cv5865, Dkt. 23-2, p. 1 (20.4 hours for file review and drafting of the Opening Brief, 25.9 hours for the entire case); Case No. 15cv5098, Dkt. 10-1, p. 4, Dkt. 26-3, p. 1, Dkt. 26-4, p. 1 (25.4 hours for file review and drafting of the Opening Brief, and 38.9 hours for the entire case).

In this context, incurring more than 45 hours drafting the Opening Brief and requesting reimbursement for 100 hours for the entire case, (while incurring 150 hours), makes this fee petition the highest this Court has ever been presented with for a Social Security case, and about twice as high as the largest previously presented for this type of case.

The Court has reviewed the facts of this case. *See Hensley, supra,* 461 U.S. at 429, 433 n.7 (once the court determines that a plaintiff is entitled to a reasonable fee, "the amount of the fee, of course, must be determined on the facts of each case"). Although the Court does not find persuasive that in general there are "routine" social security disability cases that should be handled in 20-40 hours, the Court has considered

defendant's argument that in this particular case, the number of hours requested by plaintiff is unreasonable. Because of the comparison to similar cases, the novelty of the ALJ bias issue and the extremely large amount of hours incurred presenting this novel argument, the Court concludes that the fee request is unreasonable, as are the number of hours of attorney time incurred in this matter.

Plaintiff already reduced his fee request by approximately a third. Therefore, although the Court concludes that the resultant fee request should be reduced, it should be reduced only by thirty percent, as opposed to the approximately seventy percent reduction requested by defendant. Plaintiff should be reimbursed for seventy hours of attorney time. *See Hensley*, 461 U.S. at 436-37 (There is no precise rule or formula for making these determinations: The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award . . . ."). Even that reduced amount is substantially higher than most of the cases reviewed above.

Therefore, plaintiff's request for attorneys' fees representing attorney work should be reduced by 30 hours, for the reasons discussed herein (calculated at the hourly rate of $192.68). The Court finds reasonable plaintiff's request for costs in the amount of $400.00

## CONCLUSION

It is hereby ORDERED that plaintiff's motion for fees is granted in part pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $13,487.60 in fees, reflecting seventy attorney hours, at $192.68 per hour, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA").

It is further ORDERED that costs in the amount of $400.00 are awarded to plaintiff pursuant to 28 U.S.C. § 1920.

The Acting Commissioner shall contact the Department of Treasury after the Order for EAJA fees and expenses is entered to determine if the EAJA fees are subject to any offset. If it is determined that plaintiff's EAJA fees are not subject to any offset allowed pursuant to the Department of the Treasury's Offset Program, then the EAJA fees shall be awarded to plaintiff.

Although plaintiff requests direct payment to his attorney, defendant notes that plaintiff "has not submitted proof of assignment of such fees to his attorney, [t]hus, any fees awarded should be made payable to plaintiff." Dkt. 44, p. 7. Plaintiff does not dispute this argument in his reply. If there is an offset, the remainder shall be made payable to plaintiff, based on the practice of the Department of the Treasury (*see*, *e.g.*, Case No. 2:15-cv-122, Dkt. 22, p. 4). Any check for EAJA fees and expenses shall be mailed to plaintiff's counsel, William Rutzick, Esq., at Schroeter, Goldmark & Bender, 810 Third Avenue, Suite, 500, Seattle, WA 98104.

Dated this 10th day of May, 2017.

J. Richard Creatura
United States Magistrate Judge

ORDER ON PLAINTIFF'S CONTESTED MOTION
FOR ATTORNEY'S FEES PURSUANT TO THE
EQUAL ACCESS TO JUSTICE ACT - 15